# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICARDO J. RIVERA,
                        Appellant,

                v.

SOCIAL SECURITY
        ADMINISTRATION,
                        Agency.

DOCKET NUMBER
DC-0752-15-0053-I-1

DATE: January 6, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ricardo J. Rivera, Waldorf, Maryland, pro se.

Daniel Hutman, Esquire, and Michael Davio, Baltimore, Maryland, for the
        agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was employed as a Translator, GS-1040-7, with the Social Security Administration, Office of Disability Adjudication and Review, Office of Appellate Operations in Baltimore, Maryland. Initial Appeal File (IAF), Tab 12 at 104. His position description required him to have knowledge of both English and Spanish at the level of a native-born speaker, and his job duties required him to translate documents in claim files from Spanish into English. IAF, Tab 15 at 33, 35. The agency removed the appellant from this position on five charges: (1) conduct unbecoming a Federal employee (four specifications); (2) making a statement that resulted in anxiety or disruption in the workplace (two specifications); (3) absence without leave; (4) failure to follow leave procedures; and (5) lack of candor (eight specifications). IAF, Tab 12 at 106-09.

¶3      The appellant filed an appeal of his removal disputing the charges. IAF, Tab 1. During the adjudication of his appeal, the appellant motioned for the appointment of an interpreter, arguing that English is not his first language and he needed the assistance of an interpreter to proceed with his appeal. IAF, Tab 31 at 4. The administrative judge denied the motion on the basis that the appellant could not credibly assert that he required an interpreter to proceed with his appeal because he was employed by the agency as a translator and was required to speak

both English and Spanish at the level of a native-born speaker. IAF, Tab 35. The appellant moved for certification of the issue as an interlocutory appeal. IAF, Tab 36. The administrative judge denied the motion, finding that the appellant failed to meet any of the criteria established for granting interlocutory certification. IAF, Tab 38. Following the administrative judge's denial, the appellant introduced additional evidence regarding his English proficiency. IAF, Tabs 39, 41. Despite finding no evidence to support the appellant's claim of a lack of English proficiency, the administrative judge granted the appellant's motion for an interpreter but limited the assistance to the hearing only. IAF, Tab 42 at 1.

¶4    In the midst of the pleadings regarding interpreter assistance, the parties also engaged in several discovery disputes. Upon an agency motion to compel the appellant to comply with discovery requests, the administrative judge ordered him to comply and warned that failing to comply with discovery orders may result in the imposition of sanctions. IAF, Tabs 23-26, 28. The appellant submitted discovery responses, but, after deeming them duplicative and deficient, the agency filed a motion for sanctions against the appellant. IAF, Tab 30, Tab 33 at 5, 13-14. Without yet issuing an order on the agency's motion, the administrative judge again warned the appellant that a failure to comply could result in the imposition of sanctions. IAF, Tab 43 at 1, Tab 48 at 1. The appellant failed to comply, and the agency renewed its motion. IAF, Tab 51. The administrative judge granted the motion and prohibited the appellant from asserting any additional affirmative defenses and from submitting evidence and argument regarding his existing affirmative defenses. IAF, Tab 53 at 2-3.

¶5    Subsequently, in addition to discovery sanctions, the administrative judge also cancelled the hearing as a sanction against the appellant for failure to follow Board orders. IAF, Tab 74. Prior to the hearing, the appellant failed to follow at least two Board orders, both requiring him to appear for prehearing conferences and to demonstrate good cause for his failure to do so. IAF, Tabs 67-68. The

administrative judge warned the appellant that, if he failed to appear for the prehearing conference or failed to demonstrate good cause for his failure to do so, his hearing could be cancelled or his appeal could be dismissed. IAF, Tabs 68-69. The appellant ultimately responded, stating that he lost his telephone, which was his only means to communicate and check the Board's repository and, therefore, he was not aware of the Board's orders. IAF, Tab 70 at 4. The agency submitted evidence showing that the appellant was able to communicate and had sent an email during the time he said his telephone was lost. IAF, Tab 71 at 4, 7. As a result, the administrative judge issued sanctions against the appellant and cancelled his hearing. IAF, Tab 74 at 4-5. Accordingly, an initial decision was issued on the written record. IAF, Tab 80, Initial Decision (ID).

¶6    In the initial decision, the administrative judge sustained all five charges (including all specifications except for one) and determined that the appellant failed to prove his affirmative defenses. ID at 5-15. She also found that the agency established a nexus between the appellant's removal for the charged misconduct and the efficiency of the service and that the penalty of removal was within the bounds of reasonableness. ID at 15-19.

¶7    The appellant has filed a petition for review alleging a due process violation, harmful error, and multiple claims of an abuse of discretion. Petition for Review (PFR) File, Tab 1 at 5. He also challenges the administrative judge's factual and legal findings regarding the merits of his appeal. *Id*. The agency has filed an opposition to the appellant's petition, PFR File, Tab 3, to which the appellant has replied, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    On review, the appellant asserts that the agency's and the Board's failure to provide interpreter services throughout the removal and appeals processes is a

constitutional due process violation, constitutes harmful error,[2] and is an abuse of discretion by the administrative judge. PFR File, Tab 1 at 5, 10. Constitutional due process requires only notice and a meaningful opportunity to respond to an agency's charges. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 680 (1991). Here, it is undisputed that the appellant received notice of the charges against him, but he appears to assert that any response without the assistance of an interpreter was not a meaningful opportunity to respond. PFR File, Tab 1 at 10. We have not found any evidence in the record showing that the appellant requested, and was denied, the assistance of an interpreter prior to his removal. Moreover, the appellant's response to the proposal was substantive, comprehensive, and in fully coherent English, and there is no evidence that the deciding official could not understand or was unable to rely on that response. IAF, Tab 12 at 104-06, 150-52. Accordingly, we find that the appellant was provided with a meaningful opportunity to respond and that his constitutional due process claim has no merit.

¶9    The appellant also asserts that the administrative judge's failure to invalidate the agency action due to the agency's alleged constitutional due process violation constitutes harmful error. PFR File, Tab 1 at 5, 12. A successful claim of harmful error under 5 U.S.C. § 7701(c)(2)(A) requires the appellant to show that an agency's procedural error was likely to have caused the

---

[2] The basis for the appellant's due process and harmful error claims on review and his due process and harmful error claims before the administrative judge are not the same. Before the administrative judge, the appellant argued that the agency violated his procedural due process rights and engaged in harmful error by failing to provide him with all the material upon which it relied to support the proposed removal, in violation of 5 C.F.R. § 752.404(b)(1). IAF, Tab 12 at 137-41, Tab 13 at 45. The administrative judge found that the appellant failed to prove these claims by preponderant evidence. ID at 13-15. On review, the appellant does not reassert these claims as the basis for the due process violation and harmful error claims, but rather he asserts that the agency's and the Board's failure to appoint an interpreter is a violation of his constitutional due process rights and a harmful error. PFR File, Tab 1 at 5, 10. We address these assertions only, as the administrative judge's findings on the appellant's initial claims are unchallenged on review, and we see no reason to disturb them.

agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen*, 47 M.S.P.R. at 681, 685; 5 C.F.R. § 1201.4(r). Although the appellant claims that the administrative judge's actions constitute harmful error, the appellant has not presented any evidence to suggest that the agency committed an error that caused a substantial prejudice to his rights. As such, the appellant's harmful procedural error claim has no merit.

¶10    The appellant further asserts that the administrative judge's denying the appellant's request for an interpreter during Board proceedings was an abuse of discretion. PFR File, Tab 1 at 5. He argues that he was entitled to interpreter services because he is a Limited English Proficient (LEP) individual and Executive Order (EO) 13166 requires all agencies to provide a system by which an LEP person can meaningfully access the agency's services. PFR File, Tab 4 at 4. One earns LEP status if one speaks primarily a language other than English and has a limited ability to read, write, speak or understand English. *See* LEP.gov, https://www.lep.gov/faqs/faqs.html (last visited January 4, 2017). We find the appellant does not qualify as an LEP individual. He was employed by the agency as a translator whose job description includes the ability to understand and communicate in both English and Spanish. IAF, Tab 15 at 35. Moreover, all of the appellant's pleadings have been written in coherent English. Accordingly, we find that the appellant is not limited in his ability to read, write, and understand English and is, therefore, not entitled to any alleged protection under EO 13166 or any other proffered authority.

¶11    Further, after considering the appellant's new evidence, the administrative judge approved the use of an interpreter during the hearing. IAF, Tab 42. Cancelling the hearing as a sanction is inconsequential to the question of whether the administrative judge abused her discretion in denying the use of an interpreter. Given the administrative judge's primary responsibility for ruling on motions and the deferential standard under which the Board reviews such rulings,

we find no abuse of discretion under these circumstances. *See* 5 C.F.R. § 1201.41(b).

¶12    The appellant also argues that the administrative judge abused her discretion when she denied the appellant's motion for interlocutory certification. PFR File, Tab 1 at 5. In her ruling, the administrative judge conscientiously considered the issue in question in conjunction with the criteria set forth by the Board to certify interlocutory review. IAF, Tab 38; *see Robinson v. Department of the Army*, 50 M.S.P.R. 412, 418 (1991); 5 C.F.R. § 1201.92. She determined that the issue did not warrant such review. IAF, Tab 38. We find no abuse of discretion in this ruling. After denying the appellant's request, the administrative judge agreed to provide an interpreter for the appellant during the hearing, making a substantial portion of the appellant's argument moot. IAF, Tab 42. Further, the appellant has now had an opportunity to challenge the administrative judge's underlying ruling on review, and thus any interlocutory certification was not necessary. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 5 n.1 (2012). As such, we find this claim to be without merit.

¶13    The appellant argues, moreover, that the administrative judge abused her discretion when she imposed sanctions against him. PFR File, Tab 1 at 5. Regarding the sanction of limiting submissions and affirmative defenses, we find that the administrative judge did not abuse her discretion. On several occasions, the administrative judge ordered the appellant to provide documents to the agency. IAF, Tabs 28, 43, 48. We agree with her finding that the record contains evidence that the appellant refused to comply with these orders and additionally find that it was within her discretion to impose this sanction as a result. *See* 5 C.F.R. § 1201.43. Such a determination is left to the sound discretion of the administrative judge, and we find no abuse of that discretion. *See Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378 (Fed. Cir. 1988); 5 C.F.R. § 1201.41(a)-(b).

¶14    Regarding the sanction of cancelling the hearing, we similarly find that the administrative judge did not abuse her discretion.  The record demonstrates that the appellant failed to appear for two prehearing conferences and was warned that a failure to respond to an order to show cause could result in cancelling his hearing or his appeal being dismissed with prejudice.  IAF, Tabs 67-69.  The appellant responded to the order to show cause, but the administrative judge found that the appellant's response blatantly provided false information.  IAF, Tab 70 at 4, Tab 74 at 3-4.  Despite finding that the appellant exhibited both negligence and bad faith in complying with her orders, findings that could justify a dismissal with prejudice, *see Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013), the administrative judge instead cancelled the requested hearing, IAF, Tab 74.  Given these extraordinary circumstances, we find the administrative judge's sanction to be appropriate and not an abuse of discretion.  *See Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999) (stating that an appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances).

¶15    The appellant also alleges that the administrative judge abused her discretion when she denied his motions for reconsideration and admitted deposition testimony into evidence.  PFR File, Tab 1 at 5.  We find no merit in these claims, as the administrative judge has wide discretion to control the proceedings in front of her and to receive relevant evidence.  *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003); 5 C.F.R. § 1201.41(b)(3).  The appellant has provided no evidence or compelling argument to support his claims that the administrative judge's rulings extended beyond this well-established discretion.

¶16    Next, the appellant challenges the administrative judge's credibility findings, arguing that the administrative judge found him less credible because of his alleged limited English proficiency and that the credibility findings were incomplete.  PFR File, Tab 1 at 10-11.  When, as here, no hearing was held and

the administrative judge's findings were based solely on the written record, the Board will give those findings only the weight warranted by the record and the strength of her conclusions. *Donato v. Department of Defense*, 34 M.S.P.R. 385, 389 (1987).

¶17 Here, the administrative judge's credibility findings were appropriately based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). ID at 5-7, 10. She considered whether the witnesses made sworn or unsworn statements and whether they were internally and externally consistent with other statements in the record. *Id*. She relied specifically on the appellant's own admissions to some of the conduct as well as admissions in his deposition that the agency's witnesses had no reason to lie about him. ID at 6. We find that there are no other, more persuasive, indicia of credibility in the record than those relied upon by the administrative judge that would form a basis to disturb her findings. Moreover, the appellant has not presented any specific evidence in the record that demonstrates error in the administrative judge's findings, nor has he presented any evidence to support his claim that the administrative judge's credibility findings were based on his alleged limited English proficiency. Accordingly, we find this challenge to be without merit.

¶18 The appellant also makes broad and general challenges to the sufficiency of the evidence, the nexus between the penalty for the charges and the efficiency of the service, and the reasonableness of the penalty of removal. PFR File, Tab 1 at 4, 10. The appellant has failed to identify any specific evidence in the record that demonstrates error in the administrative judge's findings. The administrative judge thoroughly examined each specification of all the charges, weighed and discussed the evidence, and determined that the agency met its burden of proof to sustain the charges. ID at 5-12. She also considered and discussed record evidence in finding that the agency demonstrated a nexus to the efficiency of the service and that the penalty of removal was reasonable. ID at 15-19. We find that the appellant's generalized assertions on review amount to nothing more than

mere disagreement with these conclusions, and we find no basis to disturb these findings. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶19    Finally, the appellant argued briefly on review that the administrative judge should be "disqualified from any further involvement in the appeal based on demonstrated personal bias." PFR File, Tab 1 at 5. In making a claim of bias, an appellant must overcome the presumption of honesty and integrity on the part of the administrative judge. *Protopapa v. Department of Transportation*, 14 M.S.P.R. 455, 459 (1983). The mere fact that the administrative judge does not accept the appellant's assertions or interpret testimony in the fashion the appellant claims is correct does not constitute bias. *Id*. Here, the appellant's contention of bias is not based on any evidence of record but rather only demonstrates his disagreement with the administrative judge. Thus, we find the appellant's claim of bias to be without merit.

¶20    We have considered the appellant's arguments on review but have concluded that a different outcome is not warranted. Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:

                                         _____
                                         Jennifer Everling
                                         Acting Clerk of the Board
Washington, D.C.